1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   FARM CREDIT SERVICES OF                    No.  2:20-cv-01142-TLN-DB
     AMERICA, PCA,
12
                            Plaintiff,
13                                              **ORDER**
             v.
14
     STEVEN SINGH SAMRA, et al.,
15
                            Defendants.
16

17

18           This matter is before the Court on Plaintiff Farm Credit Service of America, PCA's

19   ("Plaintiff") Motion to Amend.  (ECF No. 16.)  No oppositions have been filed.  For the reasons

20   set forth below, the Court GRANTS Plaintiff's motion.

21           **I.      FACTUAL AND PROCEDURAL BACKGROUND**

22           Plaintiff commenced the instant action by filing a complaint on June 5, 2020

23   ("Complaint").  The Complaint asserted thirteen claims for relief for breach of contract, claim and

24   delivery, and conversion arising from loans ("Loans") made to Defendants.  As alleged in the

25   Complaint, the borrowers' repayment obligations under the Loans were supported by pledges of

26   personal property collateral, including farm equipment (collectively, "Collateral").  The

27   Complaint alleges that certain Defendants converted items of Collateral, causing harm to

28   Plaintiff.

                                               1

On July 15, 2020, Plaintiff filed the first amended complaint ("FAC"), adding new Defendants and two more claims for relief for conversion and claim and delivery.  On July 24, 2020, Plaintiff filed the instant motion to amend, in which Plaintiff seeks leave to add Fernando Hernandez as a named Defendant related to the same transactions or occurrences set forth in the FAC.

## II.   STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Under Federal Rule of Civil Procedure ("Rule") 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

## III.   ANALYSIS

At the outset, the Court emphasizes that no oppositions to Plaintiff's motion have been filed.  The Court also notes that several Defendants have not yet appeared in this case.  However, there is no indication that any current Defendant would be prejudiced by allowing Plaintiff to amend as Plaintiff merely seeks to add an additional Defendant.  *See BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) ("Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading.").

As to undue delay, Plaintiff filed the instant motion less than two weeks after filing the FAC.  Plaintiff asserts it moved to amend "as soon as possible upon learning of the existence of an additional defendant."  (ECF No. 16-2 at 3.)  As such, Plaintiff's delay does not appear to be unreasonable based on the record before the Court.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).  Finally, there is no evidence of bad faith, nor is there

1  any evidence that granting leave to amend would be futile under these circumstances.

2  Accordingly, the Court finds that the Rule 15 factors weigh in favor of granting Plaintiff's

3  motion.

4      **IV.**   **CONCLUSION**

5         For the foregoing reasons, Plaintiff's Motion to Amend is GRANTED.  (ECF No. 16.)

6  The Court ORDERS Plaintiff to file its amended complaint not later than fourteen (14) days of

7  this Order.  In addition, Defendant Norma Samra's pending Motion to Dismiss is hereby

8  DENIED as moot.  (ECF No. 26.)  Defendant Norma Samra may refile her motion after Plaintiff

9  files its Second Amended Complaint.

10         IT IS SO ORDERED.

11  DATED:  August 26, 2020

12

13

14                                      Troy L. Nunley

15                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28